UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ANTHONY RODRIGUEZ,

    Plaintiff,
vs.

CITY OF DORAL
and JUAN CARLOS BERMUDEZ,

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, ANTHONY RODRIGUEZ, ("RODRIGUEZ") sues Defendants, CITY OF DORAL ("DORAL") and JUAN CARLOS BERMUDEZ ("BERMUDEZ") and states:

**PRELIMINARY STATEMENT**

1.    RODRIGUEZ, a former police detective, brings this action to redress violations of his rights under the First Amendment of the United States Constitution by his former employer, DORAL, and its Mayor, BERMUDEZ. The Defendants unlawfully terminated RODRIGUEZ's employment after he began actively and prominently supporting city Councilwoman Sandra Ruiz, who was a political opponent of BERMUDEZ. BERMUDEZ instructed DORAL's chief of police, Ricardo Gomez, and the city manager, Yvonne Soler-McKinley, to terminate Plaintiff for his political association, which they did on a false and pretextual basis. Because "political belief and association constitute the core of those activities protected by the First Amendment," *Rutan v. Republican Party of Illinois*, 497 U.S. 62, 69 (1990),(*quoting Elrod v. Burns*, 427 U.S. 347, 356 (1976)), this case represents an assault on one of our most cherished rights as citizens and free people. Plaintiff seeks injunctive relief, equitable relief, and damages.

Feiler & Leach, P.L.
901 Ponce de Leon Blvd., Penthouse Suite • Coral Gables, FL 33134-3009 • (305) 441-8818

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 42 U.S.C. §1983, and 28 U.S.C. §1331.

3. Compensatory, declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C. §§2201, 2202, and 42 U.S.C. §1983.

4. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) because all of the acts complained of herein were committed in the Southern District of Florida.

## THE PARTIES

5. At all times material, RODRIGUEZ was an adult resident of the Southern District of Florida and otherwise sui juris. As mentioned above, RODRIGUEZ was employed by DORAL as a police detective.

6. At all times material, DORAL was a municipality within Miami-Dade County that employs more than 500 people and was Plaintiff's employer at the time of the actions giving rise to this cause of action.

7. At all times material, BERMUDEZ was a resident of the Southern District of Florida and was otherwise sui juris. BERMUDEZ served as mayor of DORAL.

8. At all times material, Defendants acted under color of the statutes, customs, ordinances, practices and usage of the State of Florida.

## COMPLIANCE WITH CONDITIONS PRECEDENT

9. All conditions precedent to the initiation of this action have been complied with or have been waived.

## **COMMON ALLEGATIONS**

10. RODRIGUEZ was employed as a police detective from January 2008 through January 29, 2009, at which point he was terminated, although DORAL's official records state that he was forced to resign.

11. At all times, RODRIGUEZ's job performance met or exceeded DORAL's legitimate expectations. RODRIGUEZ's success rate was impressive and he was never advised of any performance problems or complaints; indeed, he was always complimented on his performance.

12. On or around January 29, 2009, RODRIGUEZ was summoned to the police chief's office, whereupon he was told that he was being terminated. When RODRIGUEZ requested an explanation, he was told that the Chief had no obligation to give him one. Subsequently, Yvonne Soler-McKinney, the City Manager, told the State Attorney's office, under oath, that RODRIGUEZ was terminated because "budget cutbacks" forced the elimination of his position. This reason provided by DORAL was false and pretextual, and indeed, Soler-McKinney later told a different story to investigators from the Florida Department of Law Enforcement ("FDLE").

13. RODRIGUEZ's employment was actually terminated in violation of his First Amendment right to political association.

14. Subsequent to the termination of RODRIGUEZ's employment, FDLE launched an investigation, which concluded: "the FDLE investigation revealed that two internal probes launched by the Doral Police Department targeting [RODRIGUEZ], according to the testimony of witnesses, were politically motivated. Moreover, the testimony and document evidence revealed that Sergeant George Gulla, the Internal Affairs Supervisor who conducted the two inquires, was ordered by Police Chief Ricardo Gomez to alter his investigative findings in both instances to arrive at conclusions not

supported by the evidence uncovered by the IA supervisor." The investigation further revealed that the stated reason for the termination of RODRIGUEZ's employment, "budget cutbacks," was false. Finally, the report confirmed that RODRIGUEZ was not liked by the mayor because of his perceived relationship with Councilwoman Sandra Ruiz, "one of the Mayor's alleged political enemies."

15. Indeed, the FDLE ultimately concluded that BERMUDEZ was targeting RODRIGUEZ for political reasons and that he was the moving force behind DORAL's pretextual termination of RODRIGUEZ.

### COUNT I - DORAL - 42 U.S.C. §1983

16. Plaintiff realleges Paragraphs 1-15 and incorporates them herein.

17. At all times material, DORAL, through its policymakers, acted under color and pretense of law, under the color of statutes and customs of the State of Florida and the statutes, ordinances and customs of the State of Florida.

18. DORAL engaged in the illegal and unconstitutional conduct described herein to the injury of RODRIGUEZ and deprived RODRIGUEZ of the rights, privileges and immunities secured to him by the First Amendment to the United States Constitution and laws of the United States and the State of Florida.

19. More specifically, RODRIGUEZ suffered loss of the following rights secured by the United States Constitution:

    a. The First Amendment right not be discharged from public employment in retaliation for supporting a particular candidate or political party or for failing to support a particular officeholder or office seeker;

    b. The First Amendment right of freedom to associate with and support a political candidate who is opposed to the incumbent; and

  c. The clearly established First Amendment right set forth in *Branti v. Finkel*, 445 U.S. 507 (1980) for a police officer is satisfactorily performing his job to not be terminated from his employment solely because of his political beliefs.

20. DORAL knew or should have known that its actions deprived RODRIGUEZ of his constitutional rights as a set forth above, or acted with reckless and deliberate indifference to RODRIGUEZ's constitutional rights, or subjected RODRIGUEZ to such deprivations willfully, intentionally, maliciously, and with reckless regard to RODRIGUEZ's rights.

21. The acts of DORAL, in depriving RODRIGUEZ of the aforementioned rights guaranteed to him by the Constitution and laws of the United States and the State of Florida were in violation of 42 U.S.C. §1983.

22. As a result of the unlawful and/or unreasonable and/or malicious attempt to deprive RODRIGUEZ of his rights guaranteed to by the laws of the United States and the State of Florida, DORAL is liable under 42 U.S.C. §1983 because:

  a. DORAL, through the highest ranking available supervisory personnel, perpetrated, approved of, acquiesced to and/or condoned the violations in general, thereby ratifying and approving the wrongful acts of their officials.

  b. DORAL failed, through knowing and/or reckless and/or deliberate and/or conscious indifference, to instruct, supervise, control and discipline, on a continuing basis, the duties of personnel and officials to refrain from unlawful actions against RODRIGUEZ.

  c. DORAL did not properly train its personnel despite actual knowledge of their deficiencies and/or through deliberate indifference to those deficiencies.

23. DORAL had the power to prevent or aid in preventing the commission of the aforementioned violations and could have done so by reasonable diligence; instead, DORAL, knowingly, recklessly and with deliberate and/or conscious indifference failed or refused to correct

the constitutional violations and/or tacitly approves such wrongs.

24. As a direct and proximate result of the actions or omissions of DORAL, RODRIGUEZ has suffered damages, including: loss of back pay; mental anguish, including but not limited to embarrassment, humiliation, personal inconvenience, and emotional distress; loss of capacity for the enjoyment of life; deprivation of life, liberty and property; legal fees and expenses; loss of earnings in the past and future; loss of earning capacity; injury to reputation; loss of the rights described herein; value or the reinstatement of all benefits that he would have enjoyed but for the wrongful discharge including, but not limited to, bonuses, retirement and pension benefits, health insurance, meal benefits, and vacation benefits; incidental expenses; and other consequential damages. RODRIGUEZ also claims entitlement to front pay and injunctive relief in the form of reinstatement and declaratory relief.

25. The actions of DORAL have forced RODRIGUEZ to retain the undersigned law firm to represent him in this matter and to pay it a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. §1988.

WHEREFORE, RODRIGUEZ demands judgment against DORAL, for damages as set forth above, plus injunctive relief to prevent further violations of the law, including reinstatement, court costs, prejudgment interest on liquidated damages, reasonable attorney's fees, and such other relief as this Court sees fit to grant after trial by jury of all issues so triable.

### COUNT II – 42 U.S.C. §1983 – BERMUDEZ

26. RODRIGUEZ realleges Paragraphs 1-15 and incorporates them herein.

27. At all times material, BERMUDEZ, as Mayor of DORAL, occupied a position of final policymaking authority, and utilized his official position to influence DORAL officials to

participate in the illegal scheme to terminate RODRIGUEZ. In doing so, by virtue of his position, BERMUDEZ was acting under color of law.

28. BERMUDEZ engaged in the illegal and unconstitutional conduct described herein to the injury of RODRIGUEZ and deprived RODRIGUEZ of the rights, privileges and immunities secured to him by the First Amendment to the United States Constitution and laws of the United States and the State of Florida.

29. More specifically, RODRIGUEZ suffered loss of the following rights secured by the United States Constitution:

    a. The First Amendment right not be discharged from public employment in retaliation for supporting a particular candidate or political party or for failing to support a particular officeholder or office seeker;

    b. The First Amendment right of freedom to associate with and support a political candidate who is opposed to the incumbent; and

    c. The clearly established First Amendment right set forth in *Branti v. Finkel*, 445 U.S. 507 (1980) for a police officer is satisfactorily performing his job to not be terminated from his employment solely because of his political beliefs.

30. BERMUDEZ knew or should have known that its actions deprived RODRIGUEZ of his constitutional rights as a set forth above, or acted with reckless and deliberate indifference to RODRIGUEZ's constitutional rights, or subjected RODRIGUEZ to such deprivations willfully, intentionally, maliciously, and with reckless regard to RODRIGUEZ's rights.

31. As a direct and proximate result of the actions or omissions of BERMUDEZ, RODRIGUEZ has suffered damages, including: loss of back pay; mental anguish, including but not limited to embarrassment, humiliation, personal inconvenience, and emotional distress; loss of capacity for the enjoyment of life; deprivation of life, liberty and property; legal fees and expenses;

loss of earnings in the past and future; loss of earning capacity; injury to reputation; loss of the rights described herein; value or the reinstatement of all benefits that he would have enjoyed but for the wrongful discharge including, but not limited to, bonuses, retirement and pension benefits, health insurance, meal benefits, and vacation benefits; incidental expenses; and other consequential damages.  RODRIGUEZ also claims entitlement to front pay and injunctive relief in the form of reinstatement and declaratory relief.

32. The actions of BERMUDEZ, in intentionally depriving RODRIGUEZ of his rights as set forth above, rise to such a level as to warrant the award of punitive damages.

33. The actions of BERMUDEZ have forced RODRIGUEZ to retain the undersigned law firm to represent him in this matter and to pay it a reasonable fee, which he is entitled to recover pursuant to 42 U.S.C. §1988.

WHEREFORE, RODRIGUEZ demands judgment against BERMUDEZ, for damages as set forth above, plus injunctive relief to prevent further violations of the law, including reinstatement, court costs, prejudgment interest on liquidated damages, reasonable attorney's fees, and such other relief as this Court sees fit to grant after trial by jury of all issues so triable.

Respectfully submitted,

FEILER & LEACH, P.L.
Attorneys for Plaintiff
901 Ponce de Leon Blvd., Penthouse Suite
Coral Gables, FL 33134-3009
Tel. (305) 441-8818  Fax (305) 441-8081
mbf@flmlegal.com

By:/s/ Michael B. Feiler        /s/ Martin E. Leach
   Michael B. Feiler, B.C.S.    Martin E. Leach
   Board Certified Civil        Fla Bar. No. 037990
   Trial Lawyer
   Fla Bar No. 098477