UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20700-CIV-COOKE/TORRES

ANTHONY RODRIGUEZ,

    Plaintiff,

vs.

CITY OF DORAL, et al.,

    Defendants.

_____/

## ORDER ON MOTION FOR RECONSIDERATION

    This case is before me upon Plaintiff's Motion for Reconsideration/Alter or Amend Order Granting Defendants' Motion for Summary Judgment. (ECF No. 118). The motion is fully briefed and ripe for review.

    The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007). In his motion, Plaintiff argues that the Court made contradictory findings regarding the issue of resignation versus termination. First, the Court notes that it disregarded the dispute over who suggested that Plaintiff resign because that fact was not material. An issue of fact is only 'material' if, under the applicable substantive law, it might affect the outcome of the case. Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014). On the other hand, the Court's Order cited directly to Plaintiff's deposition when it noted that "Rodriguez clearly requested the option to resign." According to the deposition excerpt provided, the following question and answer was presented:

> Q. You said, can I have an opportunity to resign, and then you went outside and that's when you called the PBA; correct?
> A. That is correct.

    Anthony Rodriguez Deposition, p. 142, lines 22-25. (ECF No. 83-1). The fact that Plaintiff ultimately requested the opportunity to resign was reiterated in George Gulla's Declaration, which Plaintiff filed to support his opposition to Defendants' motion for summary judgment. (See ECF No. 97-2). In paragraph 17 of his declaration, Gulla stated:

1

"Detective Rodriguez reentered the office and asked to be allowed to exercise the option to resign." Accordingly, the evidence on the record does not support Plaintiff's assertion that manifest errors of fact exist, requiring reconsideration.

Plaintiff's arguments regarding errors of law are also unpersuasive. Applicable case law clearly requires the district court to presume that a resignation was voluntary. Moorer v. City of Montgomery, 293 F. App'x 684, 690 (11th Cir. 2008) (citing Hargray v. City of Hallandale, 57 F.3d 1560, 1568 (11th Cir.1995)). Here, there is no dispute that Plaintiff submitted a letter of resignation, and affirmatively represented that he had, in fact, resigned when he sought subsequent employment. An employee's resignation will only be deemed involuntary where the employer (1) forces the resignation by coercion or duress, or (2) obtains the resignation by deceiving or misrepresenting a material fact to the employee. Ross v. City of Perry, Ga., 396 F. App'x 668, 670 (11th Cir. 2010). An employee is not coerced merely because he believes that resigning is his only option. Id. (agreeing with the district court that plaintiff was not coerced into resigning). Moreover, "[a] resignation in response to imminent termination may be considered voluntary if the totality of the circumstances suggest the decision to resign was a deliberate one. Rademakers v. Scott, 350 F. App'x 408, 412 (11th Cir. 2009). As I found in my order granting summary judgment, such circumstances were present in this case. Plaintiff's reliance on district court decisions from outside of the Southern District of Florida does not establish manifest errors of law.

Finally, a motion for reconsideration cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009). A significant portion of Plaintiff's motion merely reiterates arguments he previously raised in his response to Defendants' motions for summary judgment. Because Plaintiff has not provided any basis for reconsideration, his motion is denied.

Accordingly, I hereby **ORDER** and **ADJUDGE** that Plaintiff's Motion for Reconsideration/Alter or Amend Order Granting Defendants' Motion for Summary Judgment (ECF No. 118) is **DENIED**. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in chambers at Miami, Florida, this 16th day of March 2015.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*